FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DEC 21 2021
BY
DEPUTY

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF TEXAS

Kenneth Allen Pruitt, pro se
on behalf of himself "Plaintiff",

vs.

Defendants Joseph Robinette Biden Jr.
and John Forbes Kerry, acting alone,
or in concert, in a purported
official capacity

and
US Department of Treasury (USDT),
US Environmental Protection Agency (EPA)
US National Institute of Environmental Health
Sciences (NIEHS),
acting alone, or in concert,
and
head of USDT Steven Terner Mnuchin,
head of EPA Andrew Wheeler
head of NEIHS Rickard Woychik

and heads of USDT, EPA, and NIEHS unnamed for
2021 and later due election transition,
said heads named individually in his/her official
capacity and when not acting in his/her official
capacity but acting ultra vires,
acting either alone or with unknown and unnamed
other persons improperly causing violations of USA
domestic law referenced within 2006 USA entry to
2003-31-OCT MERIDA UNITED NATIONS
CONVENTION AGAINST CORRUPTION
(UNCAC) and/or violate UNCAC',
collectively "Defendants".

CASE NO. 9:21CV13RC/ZH
Filed January 19, 2021

PLAINTIFF's SECOND RULE 57
MOTION FOR DECLARATORY
JUDGMENT

1

## PLAINTIFF's SECOND RULE 57 MOTION FOR DECLARATORY JUDGMENT

CASE NO. 9:21CV13RC/ZH
Filed January 19, 2021
UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF TEXAS

This Court issued December 14, 2021 "ORDER LIFTING STAY", received December 18 by Plaintiff.

Said Order denied, as Moot, Pruitt's **[PLAINTIFF'S] TRAVERSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE FIRST RESPONSIVE PLEADING.**

Said Order further stated "[the] Defendants have until February 14, 2022 to answer or otherwise respond to the complaint."

Plaintiff requests this Court by grant of attached Confirmation Order to confirm that, for said Traverse to be truly moot, then Plaintiff's allegations therein must not be subject to later dispute.

Otherwise, thinking is circular, not a decision and Traverse is not moot.

That is, there can be no later dispute by any Defendant of Plaintiff's allegations and statements in said Traverse decided as moot by the Court.

If moot, such allegations are decided in favor of Plaintiff without later dispute, otherwise there is repeat, then more repeat.

For Judicial efficiency, Plaintiff respectfully requests this Court by grant of attached Confirmation Order also to confirm "Defendants" of said ORDER LIFTING STAY are only (1) Government Defendants and <u>not</u> (2) Defendant(s) ultra vires actors ("DUVA).

1

<u>(1) Government Defendants:</u>

This (1) includes Defendant Federal Government and persons supporting said Government by

    (i) <u>'official capacity'</u> acts within scope of their governmental authority, not ultra vires. See FRCP 12(a)(2) below, and

    (ii) carrying out "<u>duties performed on the United States' behalf</u>". See FRCP 12(a)(3) below.

Government Defendants (1) are represented by Counsel for said Government who has entered an appearance.

Government Defendants (1) have until February 14, 2022 to answer or file other response.

    (2) "Defendant(s) ultra vires actors ("DUVA).

This (2) includes individual ultra vires actor(s), and/or private non-government entities ultra vires actor(s) or government entities acting "ultra vires" outside scope of authority, with any of the foregoing alleged by Plaintiff's Complaint to be acting outside scope of outside official capacity of governmental authority and/or not carrying out duties performed on the behalf of the United States, thus ultra vires ("Defendants Acting Ultra Vires" or "DUVA").

    For example, it long established that

        a **President, and those who act in concert,**

        **act ultra vires**

        **when** they **act as a lawmaker** or

        **when** they **cause domestic effect of international obligation**

            **without two-thirds Senate vote.**

**See please Plaintiff's specific citations in Complaint:**

>   (a) "the President's power to see that the laws are faithfully executed **refutes the idea that he is to be a lawmaker.**" *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U. S. 579, 587 (1952).
>
>   (b) Chief Justice Roberts cited in *Medellin v. Texas* 552 U.S. 491 (2008) at 528:
>
>   "But the **responsibility for transforming an international obligation** arising from a non-self-executing treaty into domestic law **falls to Congress, not the Executive.** *Foster*, 2 Pet., at 315....
>   If the Executive determines that a treaty should have domestic effect of its own force, that determination may be implemented "in mak[ing]" the treaty, by ensuring that it contains language plainly providing for **domestic enforceability**. If the treaty is to be self-executing in this respect, the **Senate must consent to the treaty by the requisite two-thirds vote**, ibid., consistent with all other constitutional restraints. ..
>   Once a treaty is ratified without provisions clearly according it **domestic effect**, however, **whether** the **treaty will ever have such effect** is governed by the **fundamental constitutional principle** that "'[t]he power to make the necessary laws is in Congress; the power to execute is in the President.'" (citations omitted."

Complaint sets out added detail at Paragraphs 1, 5, 8, 11, 44, and 72.

Plaintiff complains of DUVA acting as lawmaker and causing domestic enforceability of international obligations  - not just setting policy, and seeks protective relief from DUVA

>   (a) causing international Paris Climate Accord (PCA, as defined in Complaint) to have **domestic effect** without Senate consent**,** and
>
>   (b) causing PCA to have **domestic enforceabilty of international obligations by Executive Orders or agency rules or regulations or other acts** which are ultra vires and corrupt without Senate consent.

Thus (2) DUVA cannot be represented by Counsel for said Government, Plaintiff contends and moves this Court to so find, due to conflict of interest.

3

FRCP 12(a)(1)(A)(i) provides that DUVA time to answer or otherwise respond to Summons and Complaint is twenty one (21) days because

(x) FRCP 12(a)(2) sixty day (60) days grace period **only** applies to

"(2) The United States, a United States agency, or a United States officer or employee **sued only** in an official capacity and

(y) FRCP 12(a)(3) sixty day (60) grace period for United States officer or employee sued in an individual capacity is **expressly limited** to:

"an act or omission occurring in connection with duties performed on the United States' behalf "

Complaint Paragraphs 78-80 cites ultra vires law, for example, 5 U.S.C. §§706, in particular, 706(2)(A)-(D)).

Ultra vires acts are inherently neither

(x) "official capacity" of FRCP 12(a)(2) nor

(y) "in connection with duties performed on the United States' behalf " of FRCP 12(a)(3)

At time of this Court's order of Stay, DUVA had not answered or filed responsive pleading or otherwise entered an appearance within the FRCP 12(a)(1)(A)(i) twenty (21) time period applicable to them.

Plaintiff respectfully requests this Court by grant of attached Confirmation Order also to confirm that (2) DUVA are in default.  DUVA are not entitled to extension of time.

DUVA never denied that all of jurisdiction, venue, standing and service of process upon DUVA were established.  It is clear.

DUVA never entered an appearance or filed answer, denial, or other responsive pleading or requested Stay in over eight (8) months.

Nothing was filed by DUVA, either pro se or by their individual personal counsel.

DUVA acts outside scope of authority were evidenced by DUVA's own words.

DUVAs' words are in DUVA's own written statements of public records.

Judicial notice by this Court of public records of DUVA statements was long ago, more than six (6) months ago, requested by Plaintiff.

A denial of said public records was not made by DUVA pro se or by counsel for RUVA.

DUVA never denied their own words in those public records.

Reality is, DUVA could not deny their own words that prove ultra vires acts.

Government Counsel never denied DUVA acted outside scope of authority.

Plaintiff hereby expressly objects to extension of time for DUVA until February 14, 2021 for filing of answer or other responsive pleading. Plaintiff incorporates by reference, continues and repeats my April 13, 2021 Motion for Rule 57 Declaratory Judgment and my filings related thereto.

My April 13, 2021 FRCP 57 Motion (and other papers) asked for default judgment. I hereby repeat request for default judgment against DUVA.

This Court should grant default judgment, not deny it nor extend time for DUVA.

This Court should not create a "special exception" for elite named DUVA Biden, Kerry, Yellen, Regan or Woychik because of their status.

Special exceptions are unequal justice.

Plaintiff is entitled by law to default judgment order against individuals Biden, Kerry, Yellen, Regan, and Woychik consistent with relief request by Complaint and various Plaintiff's Motions before this Court.

Plaintiff requests this Court enter order of default judgment against individuals Biden, Kerry, Yellen, Regan, and Woychik for ultra vires acts not

(x) not within "official capacity" of FRCP 12(a)(2) or

(y) "in connection with <u>duties performed on the United States' behalf</u>" of FRCP 12(a)(3).

Plaintiff submits it will be error of law to create special exception for any DUVA.

Plaintiff incorporates by reference Plaintiff's various statements of facts and of law within Plaintiff's Complaint and Motions filed in this case.


Signature Dated: December 21, 2021
Respectfully submitted,
By: /s/ Kenneth Allen Pruitt

Kenneth Allen Pruitt, pro se
on behalf of himself "Plaintiff",

Kenneth A. Pruitt
kap8063@yahoo.com
Telephone: 936-714-3811
Trailer Village RV Park
16580 N. US Hwy 59
Garrison, Texas 75946
Nacogdoches County, Texas

IN THE UNITED STATES DISTRICT COURT
for the EASTERN DISTRICT OF TEXAS, LUFKIN DIVISION

| | |
|---|---|
| KENNETH ALLEN PRUITT )<br>    Plaintiff )<br>v. )<br>JOSEPH ROBINETTE BIDEN JR. et al )<br>    Defendants ) | CASE NO. 9:21CV13RC/ZH |

## CERTIFICATE OF SERVICE BY US MAIL

I hereby certify that before or on December 22, 2021 a copy of:

**PLAINTIFF's SECOND RULE 57 MOTION FOR DECLARATORY JUDGMENT**
and
**CONFIRMATION ORDER**

was delivered to local printer Lufkin Printing for printing and for mailing via US Postal Service, regular mail, to all below named Courts, Defendants and Attorneys at the following addresses:

- 1 copy to each of the 12 addressees below

Andrea L. Parker
U.S. Attorney for the Eastern District of Texas
United States Attorney's Office, Beaumont Office
350 Magnolia Ave., Suite 150
Beaumont, Texas 77701-2237

Lee J. Lofthus
Assistant Attorney General for Administration
Justice Management Division
U.S. Department of Justice
Room 1111
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Nicholas Ganje
U.S. Attorney for the Eastern District of Texas
United States Attorney's Office,
Beaumont Office
350 Magnolia Ave., Suite 150 Beaumont, Texas 77701

4

U.S. Department of Justice
U.S. Attorney's Office
Civil Process Clerk
415 South 1st Street
Lufkin, TX 75901

Joseph R. Biden Jr.
The White House
1600 Pennsylvania Avenue, N.W.
Washington, DC 20500

John F. Kerry
The White House
1600 Pennsylvania Avenue, N.W.
Washington, DC 205000

U.S. Department of Treasury Building
1500 Pennsylvania Avenue, NW,
Washington, D.C 20220

Secretary of Treasury
in official capacity and/or 5 U.S. Code § 706 ultra vires,
Janet L. Yellen, at
U.S. Department of Treasury Building
1500 Pennsylvania Avenue, NW,
Washington, D.C 20220

US Environmental Protection Agency (EPA)
1200 Pennsylvania Avenue NW,
Washington, DC 20004

Administrator of the Environmental Protection Agency
in official capacity and/or 5 U.S. Code § 706 ultra vires,
Michael S. Regan
US Environmental Protection Agency
1200 Pennsylvania Avenue NW,
Washington, DC 20004

National Institute of Environmental Health Sciences (NIEHS)
111 TW Alexander Dr.
Durham, NC 27709

**Director of National Institute of Environmental Health Sciences**
 **in official capacity and/or 5 U.S. Code § 706 ultra vires,**
**Richard Woychik**
**National Institute of Environmental Health Sciences**
**111 TW Alexander Dr.**
**Durham, NC 27709**

/s/ Kenneth A. Pruitt, pro se
kap8063@yahoo.com
Telephone:   936-714-3811
Trailer Village RV Park
16580 N. US Hwy 59
Garrison, Texas 75946

6